ERASTUS WARE *vs.* ROBERT BROOKHOUSE.

The declarations of the owner of land, since deceased, while standing on his land, in his own favor, are not competent evidence, in favor of a person claiming under him, to prove a right of way over adjoining land of another person.

ACTION OF TORT for obstructing a right of way claimed by the plaintiff over land of the defendant, as appurtenant to land now owned by the plaintiff, which constituted lots 1 and 2 in the division of the Bartlett Farm in Marblehead. Trial in the court of common pleas, before *Morris,* J., who rejected certain evidence offered by the plaintiff, and after a verdict for the defendant signed a bill of exceptions, the substance of which appears in the opinion.

*S. H. Phillips,* for the plaintiff.

*S. B. Ives, Jr.* for the defendant.

THOMAS, J. The evidence of the declarations of Rea was rightly rejected. They must fall within the general rule which excludes hearsay testimony, unless they can be shown to be within some well defined exception to that rule.

The point at issue between the parties was, whether in the division of the Bartlett Farm the right of way given to the

owner of lots Nos. 1 and 2 was what was called "the lower route" or "the upper route." If the "lower" route, as the plaintiff contended, it was over the land of the defendant; if the "upper," as the defendant averred, it was not on the defendant's land.

For the purpose of showing that the way assigned to lots Nos. 1 and 2 was the "lower" route, the declarations of Rea, a former owner of the plaintiff's close, now deceased, and under whom the plaintiff derived his title, were offered. The plaintiff desired to show that Rea, while he owned the land, and being upon it, stated to the witness that he had a right of way over the close now owned by the defendant, and described where said way was; but did not point out the same, or accompany said declaration with any act.

Within what exception, if any, do these declarations fall?

It is not evidence of the party under whom the defendant claims, tending to show an admission of the right of way in disparagement of his own title. It is not evidence of the plaintiff's grantor in disparagement of his title. It is not the declaration of one in possession of land or in the use of an easement, qualifying that possession or use. It is not the declaration of a party against his interest. It is not a declaration made by an owner of land, now deceased, while on the land, and pointing to its boundaries, in relation to such boundaries. The declaration was accompanied by no act which it qualified and gave character to; it was not of the *res gestæ*. It is not evidence of reputation.

It is on the other hand but the naked declaration of the owner of land, standing on his own land, and in favor of himself and his estate, claiming an easement over land in the possession of another. As such, it is scarcely necessary to say the evidence offered is not within the principles settled in *Daggett* v. *Shaw*, 5 Met. 223, or *Marcy* v. *Stone*, 8 Cush. 4, cited by the plaintiff.

In *Daggett* v. *Shaw*, 5 Met. 223, a witness was admitted to testify that the owner of land, deceased at the time of the trial, while in possession of the land and claiming it as owner, pointed out a certain ditch as the northern boundary of said lot, at the northeast corner.

In *Marcy* v. *Stone,* 8 Cush. 4, the declaration admitted was that of a person in possession of land, that he occupied but as tenant; thus qualifying the act of possession, and disparaging his title.

In the section cited from 1 Greenleaf on Evidence, § 109, the learned author has indeed said, that " no reason is perceived why every declaration accompanying the act of possession, whether in disparagement of the declarant's title, or otherwise qualifying his possession, if made in good faith, should not be received as part of the *res gestœ;* leaving its effect to be governed by other rules of evidence." To bring the evidence offered in this case within a rule so broad even as this, the person whose declarations were offered should have been upon the estate over which he claimed the easement, and in the use of it, which was not the case.

But there are, we think, the soundest reasons why such declarations should not be admitted. The first is, that titles to real estate are matters of record, and wisely so; and that sound policy obviously requires that we should carefully guard against their being affected and impaired by mere acts *in pais,* and, *a fortiori,* by mere declarations of parties.

Secondly, that as to declarations made in disparagement of title and against the interest of the party, we have the evidence of their being made in good faith, which it would be extremely difficult to find in cases where the declarations were for the interest of the party, and enlarged his boundaries. In relation to this species of evidence, the exceptions have been sufficiently extended, and, under the new policy, which makes the persons, who have ordinarily the fullest knowledge of the facts, witnesses, it is certainly very desirable to adhere closely to the rule excluding matter of hearsay.

Upon the other ground upon which the plaintiff has argued that the evidence was competent, to negative the idea of abandonment, it is not necessary to pass; for upon the bill of exceptions, as amended, we do not perceive that such evidence would be material.

But if it were so, the naked declaration of one, not made on

the land on which he claimed the right or the use of the easement for obstruction to which the suit was brought, nor to or in the presence of the owner of the present tenement, nor accompanying any act or thing done, would not be competent evidence.

*Exceptions overruled*